# Bay Shore Lumber Co., *v.* Donovan.

*Assumpsit Against Surety.*

(Decided Dec. 20th, 1906.   42 So. Rep. 1014.)

*Principal and Surety; Condition of Liability.*—An instrument addressed to no one in particular, and signed by the defendant, stating that L. Bros., had contracted to build a house for defendant, and that any lumber used in its construction, to the amount of two hundred dollars, would be paid by the defendant at the time of first payment on house on presentation of

[Bay Shore Lumber Co. v. Donovan.]

an order from L. Bros., imposes no liability on the signer of the order where no order was obtained and presented before such first payment, and where the house was completed and L. Bros., paid in full before the signer of the instrument was informed that plaintiff had furnished any lumber.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

This was an action begun by appellant against Isaac Donovan and the individuals composing the firm of Luter Bros. The first count claims of the defendant $196.84 due by account. The second count claims of the defendant the same sum for merchandise, goods and chattels sold by the plaintiff to the defendant, said Luter Bros., during the months of July and August, with the averments that the thing so sold were materials to be used in the construction of a house on Convent land 4 north of Spring Hill avenue, belonging to the defendant, Isaac Donovan, and that the materials were so used, and with the further averment, that before furnishing the material, plaintiff notified a member of the firm of Luter Bros., that he could not furnish said materials unless the defendant, Donovan, would be responsible for the payment thereof, whereupon plaintiff received an order for materials for the recovery of the cost of which this suit is brought. (Here follows the order set out in the opinion.) The tendencies of the evidence and the other facts necessary to an understanding of the opinion sufficiently appear therein.

INGE & ARMBRECHT, for appellant.—As to the construction of the contract attention is called to the following authorities.—9 Cyc. 587; 19 A. & E. Ency of Law (2nd Ed.) 285; *Nelson v. Manning*, 53 Ala. 549; *Comer v. Bankhead*, 70 Ala. 136; *Seay v. McCormack*, 68 Ala. 549; *Williams v. Glover*, 66 Ala. 189. Counsel discuss other assignments of error but cite no authority.

SULLIVAN & STALLWORTH, for appellee.—The contract being one of suretyship it must be strictly construed in favor of the surety and he has the right to insist upon the letter of all the material terms of the contract.—

*Branch Bank v. Garrington,* 9 Ala. 549; *Evans v. Keeland, Ib.* 546; *City v. Hughes,* 65 Ala. 204; *Anderson v. Rawles,* 87 Ala. 336; *Crescent Co. v. Handley,* 90 Ala. 486; *May v. Alabama Bank,* 111 Ala. 513. Having once accepted a contract neither can hold the other to a different contract.—*Allen v. Mutual Co.,* 101 Ala. 574. There is a variance between the allegata and probate as to the second count.—*McAnnally v. Hawkins Lbr. Co.,* 109 Ala. 400.

In construing written instruments the *whole* instrument must be considered.—9th. Cyc. p. 579; *Ward v. Whitney,* 8 N. Y. 442; *Chesapeake, etc. Canal Co. v. Hill,* 15 Wallace 94; *Washburn v. Gould,* 29 Federal Cases No. 17, 214; 2 Mayfield's Digest, p. 757; *Pollard v. Maddox,* 28 Ala. 321; *Comer v. Bankhead,* 70 Ala. 136; *Mason v. Iron,* 73 Ala. 270.

Effect must be given to each clause and word if any reasonable effect can be given thereto.—*Hunter v. McCraw,* 32 Ala. 518; *Hollingsworth v. Fry,* 4 Dallas 345; 12 Federal cases, No. 6,619; 2 Mayfield's Digest, p. 758; *Brush Co. v. Montgomery,* 114 Ala. 433.

In a complaint upon a written instrument, if the plaintiff elects not to set out the instrument in full, he must set out the legal effect or substance of the whole instrument.—9 Cyc. 713; *Berry v. Kowalsky,* 95 Cal. 134; *Adams v. Davis,* 16 Ala. 748.

If he fails so to allege, the proof of an instrument materially different from that alleged works a variance between *probata* and *allegata.*—9 Cyc. 749; *Roneyn v. Sickles,* 108 N. Y. 650; *Leatherbury v. Spotswood, Turner & Co.,* 39 So. 588.

TYSON, C. J.—Plaintiff's right of recovery in this case, upon the second count of the complaint, confessedly is dependent upon the construction of the written instrument, addressed to it and signed by defendant, upon the faith of which the lumber was furnished to Luter Bros. to be used by them in the construction of the house. It is in this language: "This is to certify that Mess. Luter Bros. has contracted to erect a frame house for me on the Convent Land, 4 North Spring Hill Avenue, and any material, that is, lumber used in

its construction to amount of $200 will be paid for by me at time of first payment on house, on presentation of order from them. (Signed) Isaac Donovan."

It appears to us that it is obvious that this writing contains no promise to pay any certain sum of money at all events and at a fixed time. It is, therefore, not a promissory note; nor is it a contract binding Donovan absolutely to pay the plaintiff $200 at the date of the maturity of the first payment under the building contract with Luter Bros. It is no more than its plain language imports—a promise by Donovan to pay to plaintiff, upon Luter Bros.' order, at the maturity of the first payment under the building contract, a sum of money not to exceed $200. It is, therefore, a conditional promise, and not an absolute one; the condition being that plaintiff would obtain an order from Luter Bros. for lumber furnished and used in the construction of the house, not to exceed $200, and present the same to Donovan before the first payment was made by Donovan to Luter Bros. under the contract. The testimony establishes that plaintiff in no wise complied with the condition upon which Donovan's promise to pay was predicated. Nor does it afford in the remotest degree an inference that plaintiff was induced by word or act on the part of Donovan to part with its lumber other than upon the paper writing above set forth. If the plaintiff has lost the value of the lumber on account of the insolvency of Luter Bros. or otherwise, this is no fault of Donovan's. It could have, before delivering the lumber to Luter Bros. obtained the order requisite to a compliance with the condition named by him. Their failure to do so was their own neglect. And, upon failure to obtain and present the order before the first payment to Luter Bros. matured, Donovan, with no knowledge that the lumber had been furnished, had the right to discharge his obligation to Luter Bros. under the contract. In short, "a contract of suretyship is essentially a promise to answer for the debt, default, or miscarriage of another. * * * The contract is strictly construed as to his liability, and cannot be extended to any other person, or any other subject, or to or for any other period of time, than such as may be included in its

[Glennon v. Harris.]

words."—*City Council of Montgomery v. Hughes*, 65 Ala. 204. Indeed, the testimony shows that Donovan was never informed that plaintiff had furnished any lumber until after the house was completed and he had paid Luter Bros. in full.

Affirmed.

DOWDELL, ANDERSON, and McCLELLAN, JJ., concur; the concurrence of DOWDELL and McCLELLAN, JJ., being as to the conclusion.